UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

BARBARA CHALIF,                                    Case No. CV-11-1602

                Plaintiff,

    - against –                                    **ANSWER**

FRENKEL LAMBERT WEISS WEISMAN            (Seybert, J.)
& GORDON, L.L.P,                                   (Tomlinson, M)

                Defendant.

-----------------------------------------------------------------------X

        Defendant, FRENKEL LAMBERT WEISS WEISMAN & GORDON, L.L.P. ("Defendant"), by its attorneys, L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P., as and for its answer to the Plaintiff's summons and complaint (the "Complaint"), sets forth as follows:

    1.    Denies each and every allegation contained in paragraphs designated "1," "7," "10," "11," "12," "13(a)-(c)," "14," "15," "16," "17" and "18" of the Complaint.

    2.    Denies each and every allegation contained in paragraphs designated "2," "5," and "8" of the Complaint, and refers all questions of law to the Court.

    3.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the Complaint, and refers all questions of law to the Court.

    4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "4" of the Complaint.

    5.    Denies each and every allegation contained in paragraph designated "6" of the Complaint, except admits that Defendant practices law in Suffolk County, and refers the Court to the original of the letter dated March 4, 2011 (the "Letter").

6. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Complaint, and refers the Court to the Letter.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

7. With respect to paragraph designated "19" of the Complaint, Defendant repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraphs designated "1" through "18" of the Complaint as though fully set forth at length herein.

8. Denies each and every allegation contained in paragraph designated "20" of the Complaint.

9. Denies each and every allegation contained in paragraphs designated "21," "22," "23" and "24" of the Complaint, and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. To the extent Plaintiff seeks to recover damages and/or penalties for acts and/or omissions occurring more than one year prior to the date the Complaint was filed, or seeks to recover attorneys' fees based upon acts occurring more than one year prior to the service of the Complaint, Defendant raises the expiration of the Statute of Limitations as a bar to such action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. If Plaintiff has sustained any damages as alleged, which damages are denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence, culpable conduct and failure of due care of Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Any violations alleged by Plaintiff, which violations are specifically denied by Defendant herein, were not intentional and resulted, if at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. The Complaint was asserted to achieve the collateral result of attempting to prevent the collection of a legitimate debt owed by Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. The Complaint was brought as an improper attempt to recover attorneys' fees.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims for relief are barred by the doctrine of unclean hands, and are motivated by purposes other than legitimate claims under the Fair Debt Collection Practices Act, thereby warranting an award of attorneys' fees to Defendant pursuant to 15 U.S.C. § 1692-k(a)(3).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. Plaintiff is unable to demonstrate the prerequisites to a Class Action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. Plaintiff is unable to demonstrate that a Class Action is maintainable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to comply with the pleading requirements of F.R.C.P. Rule 9(b).

Case 2:11-cv-01602-JS-AKT   Document 6   Filed 09/12/11   Page 4 of 5 PageID #: 21

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with the costs and disbursements of this action, plus such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
September 12, 2011

                                      Yours, etc.

                                      L'ABBATE, BALKAN, COLAVITA
                                         & CONTINI, L.L.P.

By: _____
      Jessica E. Zimmerman
      Attorneys for Defendant
      1001 Franklin Avenue, 3rd Floor
      Garden City, New York 11530
      (516) 294-8844
      File No. 11 2750 96085

To: Lawrence Katz, Esq.
      Attorney for Plaintiff
      445 Central Avenue Suite 201
      Cedarhurst, New York 11516
      (516) 374-2118

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                          ss.:
COUNTY OF NASSAU )

       PATRICIA A. LAZO, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

       That on the 12th day of September, 2011, deponent served the within **ANSWER** upon:

    Lawrence Katz, Esq.
    Attorney for Plaintiff
    445 Central Avenue Suite 201
    Cedarhurst, New York 11516

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                             _____
                                                           PATRICIA A. LAZO

Sworn to before me this
12th day of September, 2011.

_____
Notary Public

           DENISE MITCHELL
     Notary Public, State of New York
              No. 4816888
        Qualified in Nassau County
    Commission Expires December 31, 20__